UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In Re: :
:
RICHARD BUTLER : Chapter 13
:
Debtor : 17-15863REF

## CHAPTER 13 TRUSTEE'S INTERROGATORIES AND DOCUMENT REQUESTS DIRECTED TO MIDFIRST BANK

These Interrogatories and Document Requests are to be answered pursuant to the Rules of Bankruptcy Procedure within thirty (30) days of service. These Interrogatories and Document Requests are continuing and any information secured subsequent to the filing of your Answers, which would have been includable in the Answers had it been known or available, is to be supplied by Supplemental Answers.

These Interrogatories and Document Requests request information known to you or anyone acting in your behalf.

## DEFINITIONS AND INSTRUCTIONS

Unless negated by the context of the request, the following definitions are to be considered applicable to all requests contained herein:

(a) "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without limitation, correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, map surveys, books of account, ledgers, invoices, purchase orders, pleadings, questionnaires, contracts, bills, checks, drafts, diaries, logs, proposals, print-outs, recordings, telegrams, films, tax returns, and financial statements, and all other

1

documents tangible or retrievable of any kind. "Documents" also include any preliminary notes and drafts of all the foregoing, in whatever form, for example, printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon blueprints, magnetic tape, microfilm, film, motion picture film, phonograph records or other form.

If any document is being withheld on the basis of privilege or work product doctrine, please describe the document by date, author, and addressee, state generally the contents of the document, and state the identity of all persons to whom copies of the allegedly privileged document were sent or received (in order that the propriety of the claim of privilege or work product can be determined).

(b) The term "you" or "your" refers specifically to Midfirst Bank, your mortgage servicers, their officers, employees, attorneys and/or agents acting on its behalf.

(c) With respect to documents, the term "identify" means to give the date, title, author and addressee; "identify" with respect to documents further means:

(i) to describe a document sufficiently well to enable the interrogator to know what such document is and to retrieve it from a file or wherever it may be located;

(ii) to describe it in a manner suitable for use as a description in a subpoena;

(iii) to give the name, address, position or title or the person(s) who has custody of the document and/or copies thereof.

(d) "Identify" when used in reference to an individual means:

(i) state his/her full name;

(ii) present residence address or last known residence;

(iii) present or last known business address;

(iv) present employer or last known employer;

(v) whether employed by any party to this action, and if so, the dates he/she was employed by such party, the name of such party and the last position held as an employed of such party.

(e)     Whenever the expression "and/or" is used in these interrogatories, the information called for should be set out in the conjunctive and disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

(f)     Whenever a date, amount or other computation or figure is requested, the exact date, amount or other computation or figure should be given or the best estimate thereof; and the answer shall state that the date, amount or other computation or figure is an estimate or approximation.

(g)     No answer is to be left blank. If the answer to an interrogatory or subsection of an interrogatory is "none" or "unknown", such statement must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer. If an answer is omitted because of claim of privilege, the basis of privilege is to be stated.

(h)     "Debtor" shall mean the Debtor in this case.

(i)     "Act 6" shall mean the Pennsylvania's Loan Interest and Protection Law, 41 P.S. §101, et seq..

(j)     "Notices of Postpetition Fees" shall mean the two Notices of Postpetition Mortgage Fees, Expenses and Charges that you filed in this case on April 25, 2018 and October 1, 2018.

## **INTERROGATORIES**

1. Please set forth the name, address and representative capacity, if any, of the person or persons answering these Interrogatories on your behalf.

2. Identify the name(s) of each attorney who engaged in any legal work of which you are seeking postpetition attorney's fees as set forth in your Notices of Postpetition Fees.

3. As to each attorney listed above, set forth the date the work was performed, his or her hourly rate, the task accomplished, and amount of time expended to justify the fees sought in your Notices of Postpetition Fees.

## DOCUMENT REQUESTS

4

1. Regarding any counsel fees incurred on the Debtor's account after this bankruptcy was filed, produce copies of all bills, time records and your fee agreement evidencing that those attorney's fees were incurred and or were paid.

2. Produce copies of any correspondence and or notices you sent to the Debtor that comply with Act 6's pre-foreclosure notice requirements.

3. Produce all documents that demonstrate that the fees and costs set forth in your Notices of Postpetition fees are actually incurred and or are reasonable.

4. Produce all documents you intend to submit as evidence at the hearing on this matter.

Respectfully Submitted,

Dated: March 25, 2019   By:   */s/ Scott F. Waterman*
Scott F. Waterman, Esquire
Standing Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA 19606
Telephone: (610) 779-1313